POWELL, Plaintiff, v. EAVEY COMPANY, Defendant.

Common Pleas Court, Franklin County.

No. 190174.   Decided October 7, 1954.

R. Brooke Alloway, Joseph M. Millious, Columbus, for plaintiff.
Hamilton & Kramer, Columbus, for defendant.

## OPINION

By BARTLETT, J.

Motion to strike from petition 1, 2, 3 and 4 overruled   Plaintiff predicates his right of action on the alleged violation by defendant company of the pure food laws of Ohio, which were passed by the General Assembly for the purpose of protecting and safeguarding the lives and health of the citizens of Ohio   The statutes involved are §3715.08 R. C. prohibiting sale or possession for sale of food "adulterated" within meaning of §3715.02 R. C., (E) if it consists in whole or part of diseased, decomposed, putrid, infected, tainted, or rotten animal or vegetable substance, etc.; §3715.0 R. C. defining food; §3715.11 R. C.

prohibits sale of adulterated foods; §3715.21 R. C. requires sellei to make known adulterated food to buyer, subject to fine, etc.

The inhibition of the statutes against the sale of unwholesome food means that only wholesome food may be sold. The sale of food in violation of these statutes constitutes negligence per se. Lack of intent is no defense, nor lack of knowledge of the unwholesome condition is no defense.

Under §1315.16 R. C., such defendant company sells such food, it impliedly warrants its reasonable fitness for its intended use as food. Rubbo v. Hughes Provision Co., 138 Oh St 178; Kurth v. Krumme, 143 Oh St 638; Drock v. Great Atlantic, etc. Tea Co., 61 Oh Ap 291; Leonard v. Habermann Provision Co., 143 Oh St 623; Wolfe v. Great Atlantic etc. Tea Co., 143 Oh St 643.

5, 6 and 7 Overruled. It is true the plaintiff husband's right of action is for loss of services, medical and hospital expenses, and not an action for pain, suffering; but certainly the resulting mental physical and nervous condition resulting is pertinent to the wife's inability to perform her services as well as the necessity for hospital and medical care.

The trial judge can take any precautions necessary to avoid any needless prejudicial effect thereof.